```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
───────────────────────────────

DANIEL C. ROHRBACK,

                                Plaintiff,

     -vs-                             **No. 1:13-CV-00628 (MAT)**
                                                            **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                                Defendant.

───────────────────────────────

**I.   Introduction**

Represented by counsel, Daniel C. Rohrback ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disabled adult child ("DAC") benefits. The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted, and the matter is reversed and remanded solely for the calculation and payment of benefits.

**II.  Procedural History**

The record reveals that plaintiff (d/o/b November 27, 1991) was determined disabled on April 13, 2006, and began receiving supplemental security income benefits as a child. When plaintiff attained the age of 18, his benefit status was reviewed and, on November 3, 2009, he was determined no longer disabled as of

February 2010. Subsequently, in December 2009, plaintiff applied for DAC benefits, alleging disability as of November 27, 2009. After his application was denied, plaintiff requested a hearing, which was held before administrative law judge Timothy M. McGuan ("ALJ McGuan") on February 7, 2012. ALJ McGuan issued an unfavorable decision on April 19, 2012. The Appeals Council denied review of that decision and this timely action followed.

**III. Summary of Evidence**

The relevant facts of this case are quite straightforward. Plaintiff was originally determined disabled as a child due to speech and language delays. At the time of his hearing, plaintiff was 20 years old and enrolled in special education classes as a high school senior. He lived at home with his mother. As of an IEP for the 2007-2008 school year, plaintiff was more than four years behind his grade level in reading. That IEP noted that the special education committee considered a general education setting with supportive services, but "rejected [that option] because [plaintiff's] current academic skills, social/emotional needs, physical needs and management needs indicate[d] that a more intensive setting with support [was] needed." T. 58.

Plaintiff's ongoing special education accommodations included needing access to a calculator in every class, time and a half on all tests, separate testing rooms, tests to be read twice aloud, and simplified testing directions. There is also evidence in the

record indicating that plaintiff may have suffered from lead poisoning as a toddler. T. 104, 210. In addition to limitations in his mental functioning, plaintiff suffered from sleep apnea, asthma, and status post septoplasty and turbinate reduction.

In a consulting intelligence examination performed in December 2009, state agency psychologist Dr. Thomas Ryan assessed plaintiff with a standard verbal IQ score of 72, perceptual reasoning IQ of 69, working memory IQ of 71, processing speed IQ of 89, and full scale IQ of 70. According to Dr. Ryan, these scores represented a "valid and reliable estimate of [plaintiff's] current functioning." T. 306.

### IV. ALJ McGuan's Decision

At step one of the sequential evaluation, see 20 C.F.R. § 416.920, ALJ McGuan determined that plaintiff had not engaged in substantial gainful activity since November 27, 2009, the alleged onset date. At step two, ALJ McGuan found that plaintiff suffered from the following severe impairments: sleep apnea, asthma, borderline intellectual functioning, and status post septoplasty and turbinate reduction. At step three, ALJ McGuan found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. In considering Listing 12.05(C), ALJ McGuan stated, without elaborating, that this listing was not met "because [plaintiff] [did] not have a valid verbal, performance, or full scale IQ of 60 through 70 and a

physical or other mental impairment imposing an additional and significant work-related limitation of function." T. 21.

Before proceeding to step four, ALJ McGuan determined that plaintiff retained the RFC to perform light work as defined in 20 C.F.R. 404.1567(b), but could only occasionally understand, remember, and carry out complex and detailed tasks; could do simple, unskilled work; and must avoid concentrated exposure to fumes, dusts, and odors. After finding that plaintiff had no past relevant work, ALJ McGuan determined that, considering plaintiff's age, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. ALJ McGuan thus found that plaintiff was not disabled.

**V.   Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff's primary argument is that ALJ McGuan's decision regarding Listing 12.05(C) is unsupported by substantial evidence. Plaintiff contends that ALJ McGuan failed to provide any reasoning

4

for finding that plaintiff was not disabled under that listing, and that substantial evidence in the record establishes that plaintiff is presumptively disabled under that listing. Because the Court finds that plaintiff suffered from mental retardation as defined by Listing 12.05(C), the Court will not address plaintiff remaining arguments.

Listing 12.05(C) was amended in August 2013 to change the phrase "mental retardation" to "intellectual disability."[1] At the time of ALJ McGuan's decision, the listing provided that a plaintiff was mentally retarded (and therefore presumptively disabled) when he had "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22," and when he had (1) "[a] valid verbal, performance, or full scale IQ of 60 through 70," and (2) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.05(C). Thus, "[t]o meet Listing 12.05(C), a claimant must satisfy the diagnostic description in the introductory paragraph of 12.05, and both prongs of section (C)." Kennerson v. Astrue, 2012 WL 3204055, *8 (W.D.N.Y. Aug. 3, 2012).

---

[1] This amendment did not change the substantive requirements of the listing.

Upon a review of ALJ McGuan's decision along with the administrative record, the Court concludes that ALJ McGuan's analysis of Listing 12.05(C) was the product of significant legal error.

The Commissioner argues that plaintiff failed to satisfy the introductory paragraph of Listing 12.05(C) because, according to the Commissioner, plaintiff did not have deficits in adaptive functioning. Initially, the Court agrees with plaintiff that this argument by the Commissioner amounts to an impermissible post hoc rationalization of ALJ McGuan's decision, which did not even mention the adaptive functioning requirement of the listing. See Mills v. Colvin, 2015 WL 2451748, *7 (W.D.N.Y. May 21, 2015) ("[T]he 'post hoc rationalizations' offered by the Commissioner as to why the ALJ [came to his decision] 'are not entitled to weight by a reviewing court.'") (quoting Hill v. Astrue, 2013 WL 5472036, *7 (W.D.N.Y. Sept. 30, 2013)). Reading ALJ McGuan's decision generously, he apparently concluded that the introductory paragraph was irrelevant, considering his erroneous legal conclusion that plaintiff did not satisfy the remaining two prongs of the listing.

Regardless, the Commissioner's argument fails on the merits. "Courts have found circumstantial evidence, such as the following, sufficient to infer deficits in adaptive functioning prior to age 22: evidence a claimant attended special education classes; dropped out of school before graduation; or had difficulties in reading,

writing, or math." <u>Edwards v. Astrue</u>, 2010 WL 3701776, *3 (N.D.N.Y. Sept. 16, 2010) (citing, *inter alia*, <u>MacMillan v. Astrue</u>, 2009 WL 4807311, *6 (N.D.N.Y. 2009)). Plaintiff has been enrolled in special education for his entire educational career, was still working to complete high school at age 20, and demonstrated significant difficulties in reading, writing, and math. Therefore, he has satisfied the requirement that he have deficits in adaptive functioning.

Plaintiff also satisfies the first prong of Listing 12.05(C), which requires a valid verbal, performance, or full scale IQ of 60 through 70. As found by the state agency consulting psychologist, plaintiff's full-scale IQ was 70, placing him squarely within the listing's requirement. Regarding the second prong, which requires "a physical or other mental impairment imposing an additional and significant work-related limitation of function," the regulations have been explicitly revised to clarify that "[f]or paragraph C [of Listing 12.05], [the Commissioner] will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits [the claimant's] physical or mental ability to do basic work activities, *i.e., is a 'severe' impairment(s), as defined in §§ 404.1520(c) and 416.920(c)*." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(A). As plaintiff points out, ALJ McGuan's findings that plaintiff suffered from several severe impairments, which included asthma, sleep apnea, and status

post septoplasty and turbinate reduction, amounted to a *per se* finding that plaintiff satisfied the second prong of Listing 12.05(C). Consequently, plaintiff's impairments rendered him presumptively disabled under Listing 12.05(C), contrary to ALJ McGuan's finding.

The Court notes that the standard for directing a remand for calculation of benefits is met when the record persuasively demonstrates the claimant's disability, see Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980), and where there is no reason to conclude that the additional evidence might support the Commissioner's claim that the claimant is not disabled, see Butts v. Barnhart, 388 F.3d 377, 385-86 (2d Cir. 2004). For the reasons stated above, that standard is met in this case. Additionally, the Second Circuit "has recognized delay as a factor militating against a remand for further proceedings where the record contains substantial evidence of disability." McClain v. Barnhart, 299 F. Supp. 2d 309, 310 (S.D.N.Y. 2004) (citations omitted). Reversal for calculation of benefits is particularly appropriate in this case because plaintiff's benefits claim has been pending for over six years. Considering the egregious delay plaintiff has already experienced, and the convincing evidence of disability in this case, the Court remands this case solely for the calculation and payment of benefits.

**VI. Conclusion**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Doc. 11) is denied and plaintiff's motion (Doc. 12) is granted. This matter is reversed and remanded solely for the calculation and payment of benefits. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   March 24, 2016
         Rochester, New York.